UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                 :

BATESVILLE CASKET COMPANY, LLC,   :

                                  :

                    Plaintiff,   :
                                  :                 25-CV-10113 (VSB)

         -against-      :

                                  :                     **ORDER**

OWENS FUNERAL HOME, INC. *et al.*,   :

                                  :

                  Defendants.   :
-------------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

      I have reviewed Plaintiff's complaint, filed on December 5, 2026.  (Doc. 1 ("Compl.").) In the complaint, Plaintiff alleges that "[j]urisdiction exists in this Court pursuant to 28 U.S.C. § 1332 as there exists complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs."  (*Id.* ¶ 4.)  Plaintiff also alleges that: (1) it is "an Indiana limited liability company authorized to do business in the State of New York, with a principal place of business at One Batesville Blvd., Batesville, IN 47006," (*id.* ¶ 1); (2) Defendant Owens Funeral Home, Inc. is a "New York corporation with a principal place of business at 216 Lenox Avenue, New York, NY 10027," (*id.* ¶ 2); and (3) Defendant Isaiah Owens is "an individual with a last known address at 110 South 14th Avenue, Mount Vernon, NY 10550," (*id.* ¶ 3.)  For purposes of diversity of citizenship under 28 U.S.C. § 1332(a), an LLC "takes the citizenship of each of its members."  *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).  Moreover, an individual's citizenship for purposes of diversity jurisdiction depends not on his residency, but rather on his domicile.  *See Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x 135, 137 (2d Cir. 2010).  Domicile is the "place where a person has his true fixed home

and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks omitted). Domicile "is not necessarily synonymous with residence, and one can reside in one place but be domiciled in another." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (internal quotation marks and citation omitted). For that reason, "allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins.*, 126 F.3d 100, 103 (2d Cir. 1997); *see Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567 (2d Cir. 2000) (holding that the plaintiffs "failed adequately to allege diversity in their original complaint" because "they had alleged only the residence, and not the citizenship (or domicile), of the parties").

Courts are "entitled at any time *sua sponte* to delve into the issue of whether there is a factual basis to support the District Court's exercise of subject matter jurisdiction." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997). Therefore, on or before May 18, 2026, Plaintiff shall file a brief supplemental submission confirming the citizenship of the members of Plaintiff, an LLC, and submit information on Defendant Isaiah Owens's domicile so that I may evaluate whether diversity jurisdiction is proper over this matter.

SO ORDERED.

Dated:      May 4, 2026
            New York, New York

Vernon S. Broderick
United States District Judge